UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 03-6485(DSD/SRN)

St. Paul Fire and Marine
Insurance Company,

        Plaintiff,

v.                                     **ORDER**

Compaq Computer Corporation,

        Defendant.

Charles E. Spevacek, Esq., Jenneane L. Jansen, Esq., Michael P. McNamee, Esq. and Meagher & Geer, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, counsel for plaintiff.

Christopher L. Lynch, Esq., Paul A. Banker, Esq., Thomas C. Mielenhausen, Esq. and Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and Gilbert L. Henry, Esq., Lara Mackey, Esq., Martin D. Katz, Esq. and Sheppard, Mullin, Richter & Hampton, 1901 Avenue of the Stars, 16th Floor, Los Angeles, CA 90067, counsel for defendant.

This matter is before the court upon plaintiff's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

**BACKGROUND**

St. Paul Fire and Marine Insurance Company ("St. Paul") brings this action to recoup money it spent to defend Compaq Computer

Corporation ("Compaq") against a lawsuit. On October 31, 1999, Charles Thurmond and others brought a putative class action against Compaq in the United States District Court for the Eastern District of Texas alleging, among other things, violations of the Computer Fraud and Abuse Act of 1986 ("CFAA"), 18 U.S.C. § 1030. See Thurmond v. Compaq Computer Corp., 171 F. Supp. 2d 667 (E.D. Tex. 2001). The Thurmond plaintiffs alleged that Compaq had distributed computers with defective floppy disk controllers.

At all times relevant to the Thurmond action, Compaq was covered under a "Multicover Package Policy" issued by St. Paul. The package policy contained three discrete insuring agreements entitled "Technology Errors and Omissions Liability Protection" ("Tech E&O"), "Technology Commercial General Liability Protection" and "Technology Umbrella Excess Liability Protection." Soon after the Thurmond action commenced, Compaq tendered its defense to St. Paul. In a letter dated November 24, 1999, St. Paul accepted Compaq's tender and acknowledged its apparent duty to defend pursuant to the Tech E&O policy. However, the letter also included the following language:

> Please note that no action taken by St. Paul with respect to [Compaq's] claim shall be construed as a waiver of St. Paul's rights, if appropriate, to deny liability under any policy issued by St. Paul. Neither this letter nor the performance by St. Paul under its terms shall operate as a waiver or a modification of any of the terms, conditions, limitations, exclusions, monetary limits, deductibles, retention, or other provisions of

> the policy issued to Compaq with respect to the [Thurmond] lawsuit.

(Mackey Aff. Ex. 18 at 1.) St. Paul issued a second reservation of rights letter on January 31, 2000. That letter included the following language, which is not present in the November 24 letter:

> St. Paul reserves the right to withdraw from Compaq's defense upon written notice to you and seek recovery of all fees and expenses incurred in defense of this matter, if it is later determined there is no coverage or duty to defend Compaq in this matter.

(Mackey Aff. Ex. 21 at 7.) After issuing the second letter, St. Paul paid a total of $668,739.95 to reimburse Compaq for its costs of defense. Compaq cashed each check St. Paul issued for that purpose. (Zacharski Aff.)

St. Paul ultimately withdrew from Compaq's defense. After Thurmond was resolved in Compaq's favor on summary judgment, Compaq commenced an action against St. Paul in Ramsey County, Minnesota, District Court seeking damages and a declaration of St. Paul's duty to defend. After evaluating the merits of Compaq's claims, the Minnesota court granted St. Paul's motion for summary judgment. Compaq took an appeal, and the Court of Appeals of Minnesota affirmed. Compaq Computer Corp. v. St. Paul Fire & Marine Ins. Co., 2003 WL 22039551 (Minn. Ct. App. Sept. 2, 2003). Compaq's petition for review in the Supreme Court of Minnesota was denied. Compaq Computer Corp. v. St. Paul Fire & Marine Ins. Co., 2003 Minn. LEXIS 759 (Minn. Nov. 18, 2003).

On November 25, 2003, St. Paul commenced this action in the Ramsey County District Court to recoup all the expenses it incurred in mounting Compaq's Thurmond defense. Compaq filed a timely notice of removal, invoking this court's diversity jurisdiction. Compaq also filed a counterclaim alleging breaches of contract based on St. Paul's withdrawal from defense of the Thurmond action and seeking damages and declaratory relief. This court granted St. Paul's motion to dismiss the counterclaim, treating it as one for summary judgment, based on the res judicata effect of the prior Minnesota state court judgment. (Order of Oct. 12, 2004.) St. Paul now moves for summary judgment on its claim for reimbursement.

## DISCUSSION

### I.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. See id. at 255. The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II.  Reimbursement of Defense Costs**

The question presented is as follows: whether, in Texas, a liability insurer which has purported to reserve a right to reimbursement of defense costs may recover those costs, though the policy is silent on the matter, following a determination that the insurer had no duty to defend the underlying action. No Texas appellate court has ever answered that question in the affirmative. The Court of Appeals of Texas has, however, suggested the possibility of reimbursement in an appropriate case. See Matagorda

County v. Tex. Ass'n of Counties County Gov't Risk Mgmt. Pool, 975 S.W.2d 782, 784-85 (Tex. App. 1998).

In Matagorda County, three prisoners of the Matagorda County jail sued the County for damages arising from assaults which they suffered in the jail. See id. at 783. The County tendered its defense to the "risk management pool" of the Texas Association of Counties ("TAC") which, for all intents and purposes, was the County's liability insurer. See id. at 783. TAC brought a declaratory judgment action to dispute coverage, but provided a defense to the County. Id. at 783. TAC later settled the underlying action and amended its complaint in the declaratory judgment action to seek reimbursement of defense and settlement costs. Id. at 783.

Examining the defense cost reimbursement question, the court of appeals "found no Texas cases that would recognize such a right to reimbursement." Matagorda County, 975 S.W.2d at 784. Nevertheless, the court observed that other states had held the right to exist where the insurer specifically reserved the right and the insured did not object. See id. at 784 (discussing Buss v. Superior Court, 939 P.2d 766, 776-78 & 784 n.27 (Cal. 1997) & Knapp v. Commonwealth Land Title Ins. Co., 932 F. Supp. 1169, 1172 (D. Minn. 1996)). The court suggested that those decisions were consistent with the doctrine of quantum meruit. See id. at 785. In Texas and elsewhere, quantum meruit "is an equitable theory of

6

recovery which is based on an implied agreement to pay for benefits received." Id. at 785 (citing Vortt Exploration Co. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990)). Applying the elements of that equitable doctrine, the court held that TAC could not seek reimbursement because it had failed to notify the County that it would later attempt to recover defense costs. See id. at 785. TAC did not appeal the defense costs issue, but did prosecute and lose an appeal of the issue whether it was entitled to reimbursement of settlement costs. See Tex. Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County, 52 S.W.3d 128 (Tex. 2000) [hereinafter Matagorda County II].

Based on Matagorda County, the court believes that the Supreme Court of Texas would apply the doctrine of quantum meruit to this dispute. See Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 401 F.3d 901, 917-18 (8th Cir. 2005) (in absence of precedent from state's highest court, court must predict what that court would do); Doe v. Baxter Healthcare Corp., 380 F.3d 399, 407 (8th Cir. 2004) (rulings of inferior appellate courts provide indication of what state's highest court would do). A party is entitled to recovery under quantum meruit when (1) valuable services or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the

recipient. <u>Matagorda County</u>, 975 S.W.2d at 785. Here, there is no dispute that the money is "valuable material" or that St. Paul did indeed furnish it to Compaq, which is now the "party sought to be charged." The record further demonstrates that Compaq accepted the money by cashing the checks St. Paul gave it. Finally, before St. Paul tendered the money to Compaq, it sent Compaq a reservation of rights letter which contained a clear, unequivocal statement regarding reimbursement. The reservation letter put Compaq on notice that St. Paul intended to recover defense costs in case it were later determined that St. Paul owed it no duty to defend. Thus, the elements of quantum meruit are met, and St. Paul is entitled to reimbursement.

Compaq contends that a Texas court would not sustain St. Paul's claim for reimbursement. Compaq argues that, in <u>Matagorda County II</u>, the Texas Supreme Court impliedly rejected the notion that liability insurers may recover defense costs under a reservation of rights when no such right is created by policy language. Compaq points to the court's citation of <u>Shoshone First Bank v. Pacific Employers Insurance Co.</u>, 2 P.3d 510, 515-16 (Wyo. 2000), for the proposition that "a unilateral reservation-of-rights letter cannot create rights not contained in the insurance policy." <u>Matagorda County II</u>, 52 S.W.3d at 131.

Shoshone First Bank concerned an insurer's obligation to defend a "mixed action," meaning one which included both covered and non-covered claims. See 2 P.3d at 512. In Shoshone First Bank, the liability insurer purported to reserve the right to allocate defense costs among covered and non-covered claims though no such right was found in the policy. See id. at 515. The Supreme Court of Wyoming, answering questions certified to it from Wyoming federal district court, construed the policy as obligating the insurer to defend all claims in a particular action as long as one covered claim was joined. See id. at 514. The court further held that the insurer's reservation of rights letter was ineffective to amend the defense coverage afforded by the policy. See id. at 515-16 (holding that "reservation of rights letter 'does not relieve the insurer of the costs incurred in defending its insured where the insurer was obligated, in the first instance, to provide such a defense'") (quoting First Ins. Co. of Haw., Inc. v. State ex rel. Minami, 665 P.2d 648, 654 (Haw. 1983)).

Compaq's argument is not persuasive. First, Shoshone First Bank is distinguishable from the present case. In Shoshone First Bank, the policy as construed by the court promised the insured a defense of any action that included a covered claim. The insurer reneged on that promise by claiming the right to allocation between covered and non-covered claims. Here, nothing in the policy entitled Compaq to a defense of any part of the Thurmond action.

9

See Compaq Computer Corp. v. St. Paul Fire & Marine Ins. Co., 2003 WL 22039551 (Minn. Ct. App. Sept. 2, 2003), review denied, 2003 Minn. LEXIS 759 (Minn. Nov. 18, 2003).  Moreover, Compaq has not pointed to any policy provision that is inconsistent with St. Paul's claimed reimbursement right.  Therefore, because St. Paul had no duty to defend Compaq and reimbursement is not foreclosed by the policy, Shoshone First Bank does not apply.

Second, the Texas Supreme Court has since backed away from its statement that "a unilateral reservation-of-rights letter cannot create rights not contained in the insurance policy." Matagorda County II, 52 S.W.3d at 131.  The court now recognizes that, in certain circumstances, unilateral conduct of the insurer can give rise to a right of reimbursement.  See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc., ___ S.W.3d ___, 2005 WL 1252321, at *5 (Tex. May 27, 2005).  In Frank's Casing, the court observed that even where a policy is silent on reimbursement, a quasi-contractual agreement to reimburse may be implied in law.  Id. at *5.  One way such an agreement is formed in the settlement-reimbursement context is when the insurer, acting unilaterally, "'notifie[s] the insured of a reasonable offer and give[s] the insured the opportunity to assume the defense.'"  2005 WL 1252321, at *5 (quoting Robert H. Jerry, II, The Insurer's Right to Reimbursement of Defense Costs, 42 Ariz. L. Rev. 13, 70 n.220 (2000)).  The court specifically disclaimed its earlier holding

that "'the insurer may ... seek reimbursement only if the insured has authorized the settlement and agreed to reimburse the insurer ....'" Frank's Casing, 2005 WL 1252321, at *5 (quoting Matagorda County II, 52 S.W.3d at 135).  Thus, in Texas, certain unilateral acts of an insurer can create rights not contained in the insurance policy.  Those acts include ones which satisfy the elements of quantum meruit.[1]

Compaq alternatively argues that St. Paul has failed to establish the elements of quasi-contract or quantum meruit.  Compaq contends that, at the time it accepted St. Paul's defense, St. Paul had not yet informed it of its intention to seek reimbursement.  Thus, Compaq concludes, St. Paul has not shown that it provided a defense under such circumstances as reasonably notified Compaq that it expected to be paid.  See Matagorda County, 975 S.W.2d at 785.

It is true that St. Paul's initial reservation of rights letter on November 24, 1999, made no mention of the right to reimbursement of defense costs.  (See Mackey Aff. Ex. 18.)  St. Paul, however, did not provide for Compaq's defense immediately after November 24.  On that date, Compaq had already retained counsel of its choice.  After November 24, Compaq continued to

---

[1] Of course, it is not entirely accurate to characterize St. Paul's conduct in this case as unilateral.  Compaq acted in response to St. Paul every time it went to the bank to cash one of St. Paul's checks.  Thus, the Texas rule is not that St. Paul can conjure new rights by unilateral act.  Rather, it is that such rights can arise from bilateral agreements both express and implied.

11

employ its own counsel pending discussions with St. Paul regarding the propriety of its selection. (See id. Ex. 18.) St. Paul did not provide for Compaq's defense until it issued a second reservation of rights letter on January 31, 2000. (See Mackey Aff. Ex. 21.) That letter included an unequivocal reservation of the reimbursement right. (See id. Ex. 21 at 7.) Only then, after January 31, did St. Paul tender its reimbursement of Compaq's defense costs. (See Zacharski Aff. ¶ 2.) Thus, St. Paul informed Compaq of its intent to seek reimbursement before Compaq accepted the benefit of St. Paul's performance, and St. Paul has established the elements of quantum meruit.

**III. Compaq's Defenses**

Compaq has raised defenses under the voluntary payment doctrine and judicial estoppel. Neither defense has merit on the facts of this case. First, "'a payment made with a reservation of the right to bring suit for recovery is not a voluntary payment.'" HS Res., Inc. v. Wingate, 327 F.3d 432, 442 (5th Cir. 2003) (quoting W. Tex. State Bank v. Tri-Service Drilling Co., 339 S.W.2d 249, 253 (Tex. Civ. App. 1960)). Therefore, St. Paul's January 31, 2000, reservation of rights letter obliterates Compaq's voluntary payment defense.

Second, Compaq again argues that St. Paul should be judicially estopped from asserting that it had no duty to defend Compaq prior to the filing of the second amended Thurmond complaint. However,

the doctrine of judicial estoppel only applies when a party has succeeded in convincing one court of a certain proposition and later urges an inconsistent proposition before another court. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001). Regardless of what St. Paul argued before the Minnesota courts, the Minnesota Court of Appeals held that St. Paul had no duty to defend Compaq in Thurmond before or after the second amended complaint. See Compaq, 2003 WL 22039551, at *4. Not surprisingly, St. Paul applauds the decision and has already interposed it in this case for its res judicata effect. (See Order of Oct. 12, 2004.) This conduct on the part of St. Paul "introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity." New Hampshire, 532 U.S. at 751 (citations omitted) (quoting United States v. C.I.T. Constr. Inc. of Tex., 944 F.2d 253, 259 (5th Cir. 1991)). The concerns of judicial estoppel are therefore not implicated. St. Paul is entitled to summary judgment.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion for summary judgment [Doc. No. 66] is granted.

    2.    Plaintiff shall recover of defendant the sum of $668,739.95 together with its costs of action and post-judgment interest as provided by law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 13, 2005

                                      <u>s/David S. Doty</u>
                                      David S. Doty, Judge
                                      United States District Court